UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KAREEM H. WARD,

                        Plaintiff,

      -v-

Ms. TRAILOR, Samaritan Village Men's Shelter,
Ms. KAYLA, A.M. Holidays Management LLC,
and Ms. ELEAN, A.M. Holidays Management LLC,

                        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

24-CV-219 (NRM) (LB)

**NINA R. MORRISON**, United States District Judge:

      Plaintiff Kareem H. Ward filed this *pro se* complaint on January 9, 2024. ECF No. 1. The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). ECF No. 2. For the reasons that follow, the complaint is dismissed with leave to amend within 30 days from the date of this Order.

## BACKGROUND

      Plaintiff brings suit against "Ms. Trailor," a case manager at Samaritan Village Men's Shelter; Ms. Kayla ("Kayla"), who he identifies as a "realtor agent" at A.M. Holidays Management LLC; and Ms. Elean ("Elean"), an employee at A.M. Holidays Management LLC; Plaintiff did not provide Defendants' first and/or last names. Plaintiff alleges that he interviewed with Kayla on September 28, 2023, for a one-bedroom apartment using a FHEPS[1] voucher and was told that the next step

---

[1] FHEPS stands for Family Homelessness & Eviction Prevention Supplement and is administered by the New York City Human Resources Administration, Department of Social Services.

would be to contact the case manager at Samaritan Village Men's Shelter. Compl. at 10.[2] Plaintiff further alleges that Kayla never followed up — even after Plaintiff called and texted her — and concludes that the failure to contact him is discriminatory and is also in retaliation for his prior lawsuits. *Id.* at 11.[3] Plaintiff seeks $75,000 in damages from each Defendant and a one- or two-bedroom apartment. *Id.*

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will be considered

---

[2] All page references use ECF pagination.

[3] Plaintiff has filed the following cases in this Court: *Ward v. Park, et al.,* No. 23-CV-7096 (NRM) (LB) (filed Sept. 19, 2023); *Ward v. Adams, et al.,* No. 23-CV-5237 (NRM) (LB)(filed July 5, 2023) (dismissed for failure to state a claim); *Ward v. Bureau of Vital Records, et al.*, No. 23-CV-5236 (NRM) (LB) (filed July 5, 2023) (transferred to the Southern District of New York); *Ward v. Admin. for Children's Services*, No. 23-CV-5235 (NRM) (LB) (filed July 5, 2023); *Ward v. Project Hospitality*, No. 23-CV-4037 (NRM) (LB) (filed June 6, 2023) (complaint dismissed with leave to amend); *Ward v. Social Security Administration*, No. 23-CV-4034 (NRM) (LB) (filed June 2, 2023) (complaint dismissed).

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case filed *in forma pauperis* if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *See Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *See Iqbal,* 556 U.S. at 678; *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) ("[A] plaintiff must disclose sufficient information to permit the defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." (quotation marks omitted)). "When a complaint fails to comply with these requirements contained in Rule 8, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as

3

are redundant or immaterial." *Chapman v. United States Dep't of Justice*, 558 F. Supp. 3d 45, 48 (E.D.N.Y. 2021) (brackets omitted).

Here, Plaintiff's allegations of discrimination and retaliation against Defendants Trailor and Kayla are conclusory and unsupported by sufficient facts to support or suggest discrimination or retaliation. *See generally*, Compl. In addition, Plaintiff fails to allege any facts against Elean other than alleging that he communicated with Elean "after attempting a viewing of the 101-17 Martense Ave Apt. 2R." Compl. at 10. Therefore, Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons set forth above, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint by May 8, 2025. If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order, No. 24-CV-219 (NRM) (LB). The amended complaint will replace the original complaint and must therefore stand on its own without reference to the original complaint. In the amended complaint, Plaintiff must provide facts to support his claims. Legal conclusions and conclusory allegations will not be enough to sustain a plausible claim. Plaintiff must provide facts sufficient to allow each named Defendant to understand the basis for Plaintiff's claim, including what each named Defendant did or failed to do, the date and location for each relevant event

and the relief or remedy requested. In addition, Plaintiff should include the first and last names of the Defendants, if possible.

If Plaintiff does not file an amended complaint within the time allowed or if he fails to cure the deficiencies noted herein, the Court shall direct the Clerk of Court to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order along with a General Complaint form to Plaintiff and to note the mailing on the docket. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 for free, confidential, limited scope legal assistance.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: April 8, 2025
      Brooklyn, New York

5